FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 2:45 pm, May 21, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| JOSHUA CORBIN, | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-26 |
| v. | |
| BRYAN ADAMS; and JESSICA HOWARD, | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently confined at Georgia State Prison in Reidsville, Georgia, filed this action asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is now before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claim against Defendant Adams.  However, I **FIND** at least one of Plaintiff's claims may proceed.  Specifically, the Court directs service, by separate Order, of Plaintiff's Eighth Amendment claim against Defendant Howard.

## PLAINTIFF'S CLAIMS[1]

Plaintiff brings this lawsuit under 42 U.S.C. § 1983 based on events that occurred at Georgia State Prison in 2018.  Doc. 1.  Plaintiff alleges that on November 6, 2018, prison officials attempted to place an inmate in Plaintiff's cell that Plaintiff "found to be a big threat to me and my safety."  Doc. 1 at 5.  Plaintiff refused to uncuff, explaining to Defendant Adams, the deputy warden, that he feared for his life and wished to be moved to a safer place.  Defendant

---

[1]    During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Adams declined Plaintiff's request, and Plaintiff ultimately cut himself while still in his handcuffs and was removed from the cell and taken to medical.  Id.

While at medical, Plaintiff convinced prison staff to place him in another cell.  However, his new cellmate sexually harassed him, and Plaintiff was removed from that cell on November 14, 2018.  Id. at 5–6.  Plaintiff alleges that at that point he informed an officer he could not be in a cell with any gang members and that the initial cellmate, whom he identified as Darius Davis, was a former member of a gang that had a hit on Plaintiff.  Id. at 6–7.  According to Plaintiff, the officer notified Defendant Howard of Plaintiff's situation, and Plaintiff was moved to another dorm.  However, on December 11, 2018, Plaintiff was taken back to his original cell.  Id. at 6.

While standing outside the cell, Plaintiff asked Defendant Howard to not put him in the cell with Darius Davis due to the situation, and Defendant Howard responded by pushing Plaintiff into the cell.  When the cell door closed, Plaintiff refused to take off his handcuffs.  Defendant Howard responded by threatening to spray Plaintiff.  Plaintiff relented and gave her his handcuffs.  Id.

After Defendant Howard left, Darius Davis began assaulting Plaintiff.  Id. at 6–7.  Plaintiff is now suing Defendants Adams and Howard for violating his Eighth Amendment rights by forcing him into a cell with Darius Davis.  Id. at 7.  He seeks $75,000 for the injuries caused by his cellmate.  Id. at 8.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all prisoner complaints.  28 U.S.C. § 1915A(b).  During the initial screening, the court must identify any cognizable claims in the complaint.  Id.  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or

which seeks monetary relief from a defendant who is immune from such relief.[2]  Id.  In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.  At this stage, the Court accepts as true a plaintiff's factual allegations.  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

## DISCUSSION

### I.      Plaintiff's Claim Against Defendant Adams

Plaintiff has named Deputy Warden Adams as a Defendant in this case.  However, his only mention of Defendant Adams is during the initial November 6, 2018 attempt by prison officials to place inmate Darius Davis in Plaintiff's cell.  Doc. 1 at 5.  At that time, it appears Defendant Adams did not accede to Plaintiff's request to be moved to another cell; however,

---

[2]      Similarly, the Court must also conduct an initial screening of any action in which the plaintiff is proceeding in forma pauperis.  28 U.S.C. § 1915(a).

Plaintiff, after cutting himself, was ultimately removed from the cell by another officer prior to any fight or attack occurring.  Id.

"[A] prisoner's exposure to the potential for a fight does not, in and of itself, constitute substantial risk of harm."  Estate of Owens v. GEO Group, Inc., 660 F. App'x 763, 767 (11th Cir. 2016).  "[I]t is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment."  Babcock v. White, 102 F.3d 267, 272 (7th Cir. 1996).  In this case, a fight never broke out after Davis was placed in Plaintiff's cell on November 6, 2018, so the only injury Plaintiff has alleged against Defendant Adams is a fear of assault.

Even if Plaintiff's fear of assault were sufficient to give rise to an Eighth Amendment claim, Plaintiff would still be unable to recover compensatory damages from Defendant Adams. In order to recover compensatory damages, Plaintiff would at a minimum need to show a physical injury resulted from Defendant Adams' actions on November 6, 2018, and he has failed to do so.[3]  See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ."); see also Al-Amin v. Smith, 637 F.3d 1192, 1198–99 (11th Cir. 2011) (holding that in absence of physical injury, recovery of compensatory and punitive damages by prisoner is barred under 42 U.S.C. § 1997e(e)).

---

[3]    Plaintiff's act of cutting himself after Davis was placed in his cell on November 6, 2018 does not satisfy this physical injury requirement, as self-inflicted injuries cannot serve as a "physical injury" under 42 U.S.C. § 1997e(e).  See Morrill v. Holmes Cty. Jail, No. 5:15-cv-324, 2018 WL 7082149, at *9 (N.D. Fla. Jan. 30, 2018) ("[T]he Court concludes that self-inflicted injuries do not, and cannot, rise to the level of a physical injury under the PLRA."); Argetsinger v. Ritter, No. 08-cv-01990, 2009 WL 3201088, at *4 (D. Colo. Sept. 29, 2009) (inmate's self-inflicted injury did not amount to a "physical injury" under the PLRA, noting that "allowing a self-inflicted injury to satisfy the physical injury requirement of § 1997e(e) would create a perverse incentive of self harm in prison populations").

Accordingly, Plaintiff fails to state a cognizable Eighth Amendment claim against Defendant Adams based on the events of November 6, 2018.  As to the events of December 11, 2018, when Plaintiff was actually assaulted by Davis, Defendant Adams is noticeably absent from these allegations.  Doc. 1 at 6–7.  Plaintiff has failed to allege Defendant Adams was in any way involved in the decision to return Plaintiff to Davis' cell on December 11, 2018.

To the extent Plaintiff seeks to hold Defendant Adams liable by virtue of his supervisory position as the deputy warden, the Court notes that "[s]ection 1983 claims may not be brought against supervisory officials solely on the basis of vicarious liability or respondeat superior." Averhart v. Warden, 590 F. App'x 873, 874 (11th Cir. 2014) (citing Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010)).  Rather, "[a] supervisor can be held liable under § 1983 if he personally participates in the alleged constitutional violation or if a causal connection exists between his acts and the constitutional infirmity."  Id.  "A causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so; when the supervisor's improper custom or policy leads to deliberate indifference to constitutional rights; or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."  Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008).  Here, Plaintiff has failed to allege any facts that would sufficiently connect Defendant Adams to the December 11, 2018 assault.  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claim against Defendant Adams.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claim against Defendant Adams.

Any party seeking to object to this Report and Recommendation shall file specific written objections within 14 days of the date on which this Report and Recommendation is entered. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 21st day of May, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA